UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELS INVEST GmbH,

Plaintiff,

v.

THE PROVINCE OF BUENOS AIRES,

Defendant.

Civ. No.

_____

**COMPLAINT**

Plaintiff DANIELS INVEST GmbH ("Plaintiff"), by and through its attorneys, for their Complaint against defendant the Province of Buenos Aires (the "Province"), alleges as follows:

1.      This is a breach of contract action arising from the Province's failure to make contractually-mandated principal and interest payments on certain of Plaintiff's beneficial holdings of certain debt securities issued by the Province in 2006 and in 2011 (the "Notes" or "Debt Securities").

2.      The Notes consist of two series issued by the Province: (a) ISIN XS0234085461 (BUENOS AIRES 05/20 REGS) in the nominal amount of €15,195,530 (the "Euro Notes"); and (b) ISIN XS0584493349 (BUENOS AIRES 11/21 REGS) in the nominal amount of $2,600,000 (the "USD Notes") (the Euro Notes and USD Notes, collectively the "Subject Notes").

3.      The Subject Notes are governed by an indenture dated as of January 12, 2006 by and between The Bank of New York, as Trustee, and the Province as Issuer (the "Indenture"), a true and accurate copy of which is attached as Exhibit 1 hereto, which includes the global note issued by the Province under the Indenture, the form of which is set forth in exhibit A to the Indenture (the "Global Note"), and the terms and conditions of the Notes, the form of which is

4903-6415-4277.v3

-1-

set forth in exhibit C to the Indenture (the "Terms and Conditions") which apply to the Subject Notes and are set forth on the reverse of the Global Note.

4.      The Euro Notes are governed by that certain Offering Memorandum, dated October 28, 2005 (the "2005 Offering Memorandum") which specifies that they accrue interest at 4% annually. Interest on the Euro Notes have not been paid since May 1, 2020.

5.      The USD Notes are governed by the Luxembourg Listing Prospectus, dated January 19, 2011 (the "2011 Prospectus") which specifies that they accrue interest at 10.875% annually. Interest on the USD Notes have not been paid since July 26, 2020.

6.      The missed interest payments caused an Event of Default under the Indenture on May 31, 2020 with respect to the Euro Notes, and on August 25, 2020 on the USD Notes, which default dates are 30 days from the date the installment of interest was due.

7.      Additionally, missed principal payments caused Events of Default under the Indenture on: (i) May 11, 2020 on the Euro Notes; and (ii) February 5, 2021 on the USD Notes, 10 days after the principal payment was due, which was May 1, 2020 for the Euro Notes and January 26, 2021 for the USD Notes. These principal amount payments were not paid by the Province and these Events of Default have not been cured and are continuing.

8.      In this action, Plaintiff seeks payment of all unpaid principal on the Subject Notes, as well as all accrued and unpaid interest, interest on any overdue installments of interest, all other amounts that are currently due and payable, all amounts that become due between now and the entry of judgment in this action and post-judgment interest from the time judgment is entered until payment-in-full is made on the Subject Notes.

9.      Plaintiff has standing to bring this action. Pursuant to Section 4.8 of the Indenture, the Holder of the Notes has the "absolute and unconditional" right: (i) to receive payment of the principal and interest on the Notes, and (ii) to institute suit for the enforcement of such payment.

10.     With respect to Notes beneficially owned by it, Plaintiff has the same right as the Holder to bring this action, and pursue any other remedies: "The Province expressly acknowledges, with respect to the right of any Holder to pursue a remedy under the Indenture or the Securities, the right of any beneficial owner of Securities to pursue such remedy with respect to the portion of the Global Security that represents such beneficial owner's interest in this Security as if Certificated Securities had been issued to such beneficial owner." Indenture at Ex. C § 17 (on page C-16 of the document). The Indenture expressly provides that such rights cannot be impaired without Plaintiff's consent which Plaintiff has not given.

## PARTIES

11.     Plaintiff Daniels Invest GmbH is a private company with limited liability (roughly equivalent to a domestic limited liability company) organized and existing under the laws of the Federal Republic of Germany with a registered office at Edelhofdamm 44, 13465, Berlin, Germany. In this action, Plaintiff seeks recovery on Notes it beneficially owns in the original principal amount of €15,195,530 for the Euro Notes and $2,600,000 for the USD Notes, of which €2,532,588.33 and $866,666.66 in principal amount, respectively, remains outstanding.

12.     Defendant the Province of Buenos Aires, the issuer of the Notes, is a political subdivision of the Republic of Argentina, as defined by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a)-(b).

## **JURISDICTION AND VENUE**

13.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1330 because the Province is a political subdivision of a foreign state, *i.e.*, the Republic of Argentina.

14.     The Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1605(a)(1) in that the Province "has waived its immunity either explicitly or by implication" evidenced by section 9.7 of the Indenture, in which the Province explicitly and unconditionally waived sovereign immunity with respect to obligations under the Indenture. This section provides, in relevant part:

> To the extent that the Province may in any jurisdiction claim for itself or its assets or revenues (except for properties of the public domain located in the Republic of Argentina or dedicated to the purpose of an essential public service) sovereign or other immunity from suit, execution, attachment (whether in aid of execution, before judgment or otherwise) or other legal process, the Province agrees not to claim and irrevocably waives such immunity in respect of its obligations under this Indenture or the Debt Securities of any Series to the fullest extent permitted by the laws of such jurisdiction. Without limiting the generality of the foregoing, the Province agrees that the foregoing waiver of immunity shall have the fullest scope permitted under the United States Foreign Sovereign Immunities Act of 1976 , as amended (the "Immunities Act"), and is intended to be irrevocable for purposes of such Act.

Indenture at § 9.7.

15.     A similar waiver is included in section 13 of the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-11 of the document) ("The Province irrevocably waives immunity (including sovereign immunity) from jurisdiction to which it might otherwise be entitled in any such suit, action or proceeding arising out of or relating to the Securities or the Indenture. Without limiting the generality of the foregoing, the Province agrees that the waivers set forth in this Paragraph 13 shall be to the fullest extent permitted under the U.S. Foreign Sovereign Immunities Act of 1976 and are intended to be irrevocable for purposes of such

Act."). The 2005 Offering Memorandum and 2011 Prospectus similarly expressly waive sovereign immunity.

16.    This Court has jurisdiction over the Province under the FSIA because this action is based upon a commercial activity of a political subdivision of a foreign state within the United States and/or outside the United States with a direct effect in the United States (28 U.S.C. § 1605(a)(2)) and, in addition, the Province has explicitly waived sovereign immunity, as set forth in paragraphs 14 & 15 above.

17.    This Court also has jurisdiction over the Province pursuant to section 9.7 of the Indenture, which provides, in relevant part:

> The Province irrevocably submits to the non-exclusive jurisdiction of any U.S. federal or New York state court sitting in the Borough of Manhattan, the City of New York, and any appellate court from any court thereof, in any suit, action or proceeding arising out of or relating to the Debt Securities of a Series or the Indenture and irrevocably agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in such U.S. federal or New York state court.

Indenture at § 9.7. The same text appears in section 13 of the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-10 of the document).

18.    Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property that is the subject of the action is situated in this District. Alternatively, to the extent there is no judicial district in which an action may otherwise be brought, venue is proper in this District because the Province is subject to this Court's personal jurisdiction. Venue is also proper in this District by agreement of the Province pursuant to section 9.7 of the Indenture, which provides, in relevant part:

The Province also irrevocably waives, to the fullest extent that it may effectively do so, any objection to venue or defense of an inconvenient forum to the maintenance of any such suit, action or proceeding in such jurisdiction.

Indenture at § 9.7. The same text appears in section 13 of the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-10 of the document).

19.     In the Indenture, Section 9.7 provides that "The Province has appointed Banco de la Provincia de Buenos Aires, with an office on the date hereof at 609 Fifth Avenue, New York, New York 10017, United States of America, as its agent . . . to receive on behalf of itself and its property service of any summons and complaint and other process which may be served in any such suit, action or proceeding, except any suit, action or proceeding arising out of U.S. federal or state securities laws." Indenture at § 9.7. The same appointment, with the same identified office address, is made in the form Terms and Conditions. Indenture at Ex. C § 13 (on page C-10 of the document). Banco de la Provincia de Buenos Aires, in turn, appointed Corporation Service Company as its agent for purposes of service of process.

20.     Pursuant to Section 9.7 of the Indenture, "THIS INDENTURE AND THE DEBT SECURITIES OF ALL SERIES SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK." Indenture at § 9.7 (Capitalization in original).

## **FACTUAL ALLEGATIONS**

21.     Plaintiff beneficially owns the Subject Notes. The Province is in default of its obligation to make principal and interest payments required under the terms of the Notes, as explained more fully below.

22.     In 2006, the Province issued the Euro Notes, and in 2011, the Province issued the USD Notes.

4903-6415-4277.v3

23.     The Euro Notes are denominated in Euros and the USD Notes are denominated in US dollars.

24.     The Euro Notes are described in the 2005 Offering Memorandum, which sets forth the material terms of the Euro Notes, including their interest rate, maturity date, payment schedule, and amortization structure. As set forth in the 2005 Offering Memorandum and the applicable series terms, the Euro Notes matured on May 1, 2020 and only 1/6 (16.66%) of the original principal remained due and outstanding at that time. The Euro Notes provide for: (i) payment of interest on May 1 and November 1 of each year; and (ii) payment of principal in six installments, on November 1, 2017, May 1, 2018, November 1, 2018, May 1, 2019, November 1, 2019, and May 1, 2020.[1]

25.     The USD Notes are described in the 2011 Prospectus, which sets forth the material terms of the USD Notes, including their interest rate, maturity date, payment schedule, and amortization structure. As set forth in the 2011 Prospectus and the applicable series terms, the USD Notes matured on January 26, 2021 and only 1/3 (33.33%) of the original principal remained due and outstanding at that time. The USD Notes provide for: (i) payment of interest on January 26 and July 26 of each year; and (ii) payment of principal in three installments, on January 26, 2019, January 26, 2020, and January 26, 2021.[2]

26.     On any principal outstanding, the Euro Notes provide for the payment of 4% "Contract Interest" and the USD Notes provide for the payment of 10.875% "Contract Interest".

---

[1] The installments of principal which came due from 2017 through 2019 were paid by the Province.

[2] The installments of principal which came due in 2019 and 2020 were paid by the Province.

"Statutory Interest" on overdue, unpaid Contract Interest accrues at 9% pursuant to N.Y. C.P.L.R. § 5004.

27.    Indenture Section 3.1 provides that "The Province covenants and agrees that it will duly and punctually pay or cause to be paid the principal of and interest (including Additional Amounts) on each of the Debt Securities and any other payments to be made by the Province under the Debt Securities and this Indenture to the Trustee, at the place or places, at the respective times and in the manner provided in the Debt Securities and this Indenture." Indenture at § 3.1. The Province's obligations under the USD Notes are also absolute and unconditional, and the Province is obligated to make payments of principal and interest when due in accordance with the terms of the Notes.

28.    Pursuant to section 4.1 of the Indenture and section 5 of the Terms and Conditions, an Event of Default occurs when "(a) The Province fails to pay any principal due on any Series of Debt Securities when due and payable for 10 days after the applicable Payment Date; or (b) The Province fails to pay any interest or Additional Amounts due on any Series of Debt Securities when due and payable for 30 days after the applicable Payment Date." *See* Indenture at § 4.1.

29.    With respect to the Euro Notes, beginning on May 1, 2020, and continuing to the date hereof, the Province has failed to make interest payments contractually required under the terms of the Euro Notes. The Province also failed to make the principal payment due on the Euro Notes on May 1, 2020.

30.    With respect to the USD Notes, beginning on July 26, 2020 and continuing to the date hereof, the Province has failed to make interest payments contractually required under the

4903-6415-4277.v3

terms of the USD Notes. The Province also failed to make the principal payment due on the USD Notes on January 26, 2021.

31.     The Province's failure to pay the principal and interest amounts due and owing remains uncured and is continuing with each Event of Default under the Indenture and the Notes occurring after the applicable grace period.

32.     Section 4.8 of the Indenture provides that the Holder of the Notes has the "right, which is absolute and unconditional, to receive payment of the principal and interest on (including Additional Amounts) its Debt Security on the stated maturity date for such payment … and to institute suit for the enforcement of any such payment, and such right shall not be impaired without the consent of such Holder." Indenture at § 4.8.

33.     Plaintiff therefore has the same right as the Holder to bring this action, and pursue any other remedies: "The Province expressly acknowledges, with respect to the right of any Holder to pursue a remedy under the Indenture or the Securities, the right of any beneficial owner of Securities to pursue such remedy with respect to the portion of the Global Security that represents such beneficial owner's interest in this Security as if Certificated Securities had been issued to such beneficial owner." Indenture at Ex. C § 17 (on page C-16 of the document).

34.     The Subject Notes are direct, unconditional, unsecured and unsubordinated obligations of the Province, ranking, except as otherwise provided by law, *pari passu*, without any preference, among themselves and with all other present and future unsecured and unsubordinated indebtedness, as reflected in the Indenture, 2005 Offering Memorandum and the 2011 Prospectus.

## CLAIMS FOR RELIEF

### As and For a First Cause of Action
**(Breach of Contract)**
**(Euro Notes)**

35.     Plaintiff repeats and realleges each of the foregoing allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36.     The Province is a party to the Indenture and the Euro Notes.

37.     Beginning on May 1, 2020, and continuing thereafter to this day, the Province has failed to make interest payments due to Plaintiff as required by the terms of the Indenture and the Euro Notes.

38.     The Province breached the Indenture and Euro Notes by failing to make the payments of Contract Interest which came due on May 1, 2020.

39.     As more than 30 days have passed since this amount became due and payable, and the Province has not yet paid such amount, an Event of Default has occurred under the terms of the Euro Notes.

40.     The Province also breached the Indenture and the Euro Notes by failing to make the principal payment due on May 1, 2020. As more than 10 days have passed since this amount became due and payable, and the Province has not yet paid such amounts, an Event of Default has occurred under the terms of the Euro Notes.

41.     As a result of the Province's breaches, with respect to the Euro Notes, after applying the principal factor (1/6), it owes Plaintiff the principal amount of €2,532,588.33 plus all unpaid Contract Interest and Statutory Interest accrued to date, together with all other amounts that are payable under the terms of the Indenture or the Euro Notes and any and all amounts that become due between now and entry of judgment in this action on the Euro Notes.

4903-6415-4277.v3

**As and For a Second Cause of Action**
**(Breach of Contract)**
**(USD Notes)**

42.    Plaintiff repeats and realleges each of the foregoing allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43.    The Province is a party to the Indenture and the USD Notes.

44.    Beginning on July 26, 2020, and continuing thereafter to this day, the Province has failed to make interest payments due to Plaintiff as required by the terms of the Indenture and the USD Notes.

45.    The Province breached the Indenture and USD Notes by failing to make the payments of Contract Interest which came due on July 26, 2020 and January 26, 2021.

46.    As more than 30 days have passed since each these amounts became due and payable, and the Province has not yet paid such amounts, an Event of Default has occurred under the terms of the USD Notes.

47.    The Province also breached the Indenture and the USD Notes by failing to make the principal payment due on January 26, 2021. As more than 10 days have passed since this amount became due and payable, and the Province has not yet paid such amounts, an Event of Default has occurred under the terms of the USD Notes.

48.    As a result of the Province's breaches, with respect to the USD Notes, after applying the principal factor (1/3), it owes Plaintiff the principal amount of $866,666.66, plus all unpaid Contract Interest and Statutory Interest accrued to date, together with all other amounts that are payable under the terms of the Indenture or the USD Notes and any and all amounts that become due between now and entry of judgment in this action on the USD Notes.

## REQUEST FOR RELIEF

Plaintiff demands judgment against the Province, as follows:

a.    A money judgment in favor of Plaintiff Daniels Invest GmbH in an amount equal to the principal amount of €2,532,588.33 on the Euro Notes, and $866,666.66 on the USD Notes, plus all unpaid Contract Interest and Statutory Interest accrued through the date judgment is entered, together with all other amounts that are payable under the terms of the Indenture or the Subject Notes and any and all amounts that become due between now and entry of judgment in this action on the Subject Notes beneficially owned by Daniels Invest GmbH.

b.    All costs, attorneys' fees, and such other and further relief as the Court shall deem just and proper.


Dated:    New York, New York
           April 29, 2026


**DAVIDOFF HUTCHER & CITRON LLP**


By:    /s/ *Joshua Krakowsky*
           Joshua Krakowsky
           605 Third Avenue, 34th Floor
           New York, New York 10158
           Tel:    (646) 428-3268
           jsk@dhclegal.com
           *Attorneys for Plaintiff Daniels Invest GmbH*

4903-6415-4277.v3

-12-