UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELS INVEST GmbH,<br><br>Plaintiff,<br><br>v.<br><br>THE PROVINCE OF BUENOS AIRES,<br><br>Defendant. | Case No. 1:26-cv-03539-ER |

**ANSWER TO COMPLAINT**

Defendant the Province of Buenos Aires ("the Province"), as and for its Answer to the

Complaint dated April 29, 2026 (the "Complaint"), respectfully states as follows:

The Province provides this Answer based on a reasonable inquiry and its knowledge to

date.  The Province reserves the right to amend, supplement, revise, clarify, or correct the

responses set forth herein. Unless otherwise noted, footnotes, headings, and subheadings do not

purport to state factual allegations, and therefore no response is required.  To the extent any

response is required, all answers to allegations in a particular paragraph of the Complaint should

be construed to apply equally to the allegations contained in the footnotes, headings, or

subheadings, if any, accompanying, comprising, or relating to such paragraph of the Complaint,

unless expressly stated otherwise.

1.      To the extent that Paragraph 1 of the Complaint purports to characterize the

nature of this action, no responsive pleading is required.  Paragraph 1 of the Complaint purports

to characterize the contents of written documents, which documents speak for themselves.  The

Province admits that it issued the Euro Notes and USD Notes.  The Province otherwise denies

such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 1 for their true and correct contents.

2. Paragraph 2 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 2 for their true and correct contents. The Province admits that it issued bonds bearing ISIN XS0234085461 and ISIN XS0584493349 and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 3 for their true and correct contents.

4. Paragraph 4 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 4 for their true and correct contents. The Province otherwise admits that it has not made interest payments in connection with the Euro Notes allegedly held by Plaintiff since May 1, 2020.

5. Paragraph 5 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 5 for their true and correct contents. The Province otherwise admits that it has

not made interest payments in connection with the USD Notes allegedly held by Plaintiff since July 26, 2020.

6.      To the extent that Paragraph 6 constitutes a conclusion of law, no responsive pleading is required.  Paragraph 6 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 6 for their true and correct contents.

7.      To the extent that Paragraph 7 constitutes a conclusion of law, no responsive pleading is required.  Paragraph 7 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 7 for their true and correct contents.  The Province otherwise admits that it has not made the principal payment that became due in connection with the Euro Notes allegedly held by Plaintiff on May 1, 2020.  The Province further admits that it has not made the principal payment that became due in connection with the USD Notes allegedly held by Plaintiff on January 26, 2021.

8.      To the extent that Paragraph 8 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.  The Province otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9.      To the extent that Paragraph 9 constitutes a conclusion of law, no responsive pleading is required.  Paragraph 9 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such

characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 9 for their true and correct contents. The Province otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10.     To the extent that Paragraph 10 constitutes a conclusion of law, no responsive pleading is required. Paragraph 10 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 10 for their true and correct contents. The Province otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11.     The Province lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. The Province otherwise admits that it issued the Notes and that it is a political subdivision of the Republic of Argentina as defined in 28 U.S.C. § 1603(a).

13.     Paragraph 13 of the Complaint constitutes conclusions of law as to which no responsive pleading is required.

14.     To the extent that Paragraph 14 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 14 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 for their true and correct contents.

15. To the extent that Paragraph 15 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 15 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 15 for their true and correct contents.

16. Paragraph 16 of the Complaint constitutes conclusions of law as to which no responsive pleading is required.

17. To the extent that Paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 17 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 17 for their true and correct contents.

18. To the extent that Paragraph 18 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 18 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 18 for their true and correct contents.

19. Paragraph 19 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 19 for their true and correct contents.

20. Paragraph 20 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations

that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 20 for their true and correct contents.

21.     To the extent that Paragraph 21 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Province otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, including regarding plaintiff's purported ownership of beneficial interests.

22.     The Province admits that it issued the Euro Notes and USD Notes.  The Province otherwise denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 22 for their true and correct contents.

23.     The Province admits the allegations of Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 24 for their true and correct contents.

25.     Paragraph 25 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 25 for their true and correct contents.

26.     To the extent that Paragraph 26 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 26 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 26 for their true and correct contents.

27.     To the extent that Paragraph 27 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 27 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 27 for their true and correct contents.

28.     Paragraph 28 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 28 for their true and correct contents.

29.     To the extent that Paragraph 29 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Province admits that it has not made interest payments on the Euro Notes since May 1, 2020 and that it did not make the principal payment due on the Euro Notes on May 1, 2020.

30.     To the extent that Paragraph 30 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Province admits that it has not made interest payments on the USD Notes since July 26, 2020 and that it did not make the principal payment due on the USD Notes on January 26, 2021.

31.     To the extent that Paragraph 31 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 31 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 31 for their true and correct contents.

32.     Paragraph 32 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 32 for their true and correct contents.

33.     To the extent that Paragraph 33 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 33 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 33 for their true and correct contents.

34.     To the extent that Paragraph 34 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 34 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 34 for their true and correct contents.  The Province otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35.     In response to Paragraph 35 of the Complaint, the Province repeats and realleges its responses to Paragraphs 1 through 34 of the Complaint.

36.     Paragraph 36 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 36 for their true and correct contents.  The Province otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37. To the extent that Paragraph 37 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 37 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 37 for their true and correct contents. The Province otherwise admits that it has not made interest payments on the Euro Notes since May 1, 2020.

38. To the extent that Paragraph 38 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 38 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 38 for their true and correct contents. The Province otherwise admits that it did not make interest payments on the Euro Notes on May 1, 2020.

39. To the extent that Paragraph 39 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 39 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 39 for their true and correct contents.

40. To the extent that Paragraph 40 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 40 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Province denies such characterizations that are inconsistent with the contents of the referenced documents and

refers to the documents cited in Paragraph 40 for their true and correct contents.  The Province

otherwise admits that it did not make the principal payment due on May 1, 2020 in connection

with the Euro Notes.

41.     To the extent that Paragraph 41 of the Complaint constitutes a conclusion of law,

no responsive pleading is required.  Paragraph 41 of the Complaint purports to characterize the

contents of written documents, which documents speak for themselves.  The Province denies

such characterizations that are inconsistent with the contents of the referenced documents and

refers to the documents cited in Paragraph 41 for their true and correct contents.  The Province

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 41 of the Complaint.

42.     In response to Paragraph 42 of the Complaint, the Province repeats and realleges

its responses to Paragraphs 1 through 41 of the Complaint.

43.     Paragraph 43 of the Complaint purports to characterize the contents of written

documents, which documents speak for themselves.  The Province denies such characterizations

that are inconsistent with the contents of the referenced documents and refers to the documents

cited in Paragraph 43 for their true and correct contents.  The Province otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 43 of the Complaint.

44.     To the extent that Paragraph 44 of the Complaint constitutes a conclusion of law,

no responsive pleading is required.  Paragraph 44 of the Complaint purports to characterize the

contents of written documents, which documents speak for themselves.  The Province denies

such characterizations that are inconsistent with the contents of the referenced documents and

refers to the documents cited in Paragraph 44 for their true and correct contents.  The Province

otherwise admits that it has not made interest payments on the USD Notes since July 26, 2020.

45.    To the extent that Paragraph 45 of the Complaint constitutes a conclusion of law,

no responsive pleading is required.  Paragraph 45 of the Complaint purports to characterize the

contents of written documents, which documents speak for themselves.  The Province denies

such characterizations that are inconsistent with the contents of the referenced documents and

refers to the documents cited in Paragraph 45 for their true and correct contents.  The Province

otherwise admits that it did not make interest payments on the USD Notes on July 26, 2020.

46.    To the extent that Paragraph 46 of the Complaint constitutes a conclusion of law,

no responsive pleading is required.  Paragraph 46 of the Complaint purports to characterize the

contents of written documents, which documents speak for themselves.  The Province denies

such characterizations that are inconsistent with the contents of the referenced documents and

refers to the documents cited in Paragraph 46 for their true and correct contents.

47.    To the extent that Paragraph 47 of the Complaint constitutes a conclusion of law,

no responsive pleading is required.  Paragraph 47 of the Complaint purports to characterize the

contents of written documents, which documents speak for themselves.  The Province denies

such characterizations that are inconsistent with the contents of the referenced documents and

refers to the documents cited in Paragraph 47 for their true and correct contents.  The Province

otherwise admits that it did not make the principal payment due on January 26, 2021 in

connection with the USD Notes.

48.    To the extent that Paragraph 48 of the Complaint constitutes a conclusion of law,

no responsive pleading is required.  Paragraph 48 of the Complaint purports to characterize the

contents of written documents, which documents speak for themselves.  The Province denies

such characterizations that are inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 48 for their true and correct contents.  The Province otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

The Province states the following defenses without, as to any defense, agreeing that they are affirmative defenses or assuming the burden of proof or persuasion as to any element of plaintiff's claims. The Province repeats its answers to Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**First Affirmative Defense**

49.    To the extent that plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

**Second Affirmative Defense**

50.    Plaintiff's claim is barred by the doctrine of unclean hands.

**Third Affirmative Defense**

51.    Plaintiff's claim is barred by the doctrine of abuse of rights.

**Fourth Affirmative Defense**

52.    Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

**Fifth Affirmative Defense**

53.    Plaintiff's claims for contractual interest on the Euro Notes and the USD Notes are barred by the applicable contractual prescription period, as each such claim was not brought within the time required under the governing instruments.  *See* Indenture § 4.12; *see also*

Indenture Ex. C, Terms and Conditions, ¶ 18. Plaintiff's remaining claims are also barred in whole or in part by the applicable statute of limitations and/or prescription period.

## Sixth Affirmative Defense

54. Plaintiff lacks standing and/or capacity to sue.

## Seventh Affirmative Defense

55. Plaintiff's claims are barred by the doctrine of laches.

## RESERVATION OF RIGHTS

The Province expressly reserves the right to assert any additional allegations, claims or defenses that may become available, based upon evidence developed in discovery or otherwise, and therefore reserves all rights, including to amend this Answer, assert counterclaims and/or assert additional defenses.

WHEREFORE, the Province respectfully requests that the Court enter an order:

a) dismissing plaintiff's claims with prejudice;

b) awarding the Province costs and disbursements, including reasonable attorneys' fees; and

c) granting the Province such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 6, 2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
One Liberty Plaza
New York, New York 10006
(212) 225-2508

*Attorney for the Province of Buenos Aires*

-13-